OPINION OF THE COURT
Thomas A. Standee, J.
i. FACTS
The petitioner, New York Central Mutual Fire Insurance Company (CMF), seeks an order pursuant to CPLR 7503 staying arbitration of the uninsured motorist arbitration claim between CMF and Robert Matteson, the respondent; or in the alternative compelling Robert Matteson to appear and be examined by Austin R. Leve, M.D. pursuant to the terms of the insurance policy.
The respondent, Matteson, submits a cross petition seeking a declaratory judgment that CMF is liable to Matteson upon the supplementary uninsured/underinsured motorist (SUM) endorsement of the party’s insurance contract, for the full amount of the limits of the SUM, which is $50,000, and a declaration that the conditions of the SUM endorsement are inapplicable.
An action was commenced by Matteson against the driver and the owner of a vehicle involved in a motor vehicle accident on January 1, 1994. On June 22, 1995 a jury, after a trial, returned a verdict in favor of Matteson as against Mr. Beaty, the driver of the vehicle, and found no cause of action against the Joseph Hall Funeral Home, the owner of the vehicle.[1] Judgment was duly entered for approximately $53,000; however, there was no insurance coverage for Matteson to collect his judgment.
*959 The plaintiff notified CMF in writing in June 1994 that he will seek uninsured / underinsured coverage, with the pleadings; in September 1994 plaintiff attended an IME scheduled by CMF; and in October 1994 completed an agreement to pursue Social Security and for a release of information to CMF. Prior to trial CMF consolidated its property subrogation action with the plaintiff’s claim in the tort action. Plaintiff objected to this, but consolidation was granted. A representative of CMF sat at counsel table with plaintiff, and was involved in all aspects of the trial.
The insurance policy contains provisions to pay on the uninsured coverage for damages the insured is legally entitled to recover. The policy also contains exclusions for such coverage and arbitration provisions if the insured and company do not agree as to whether the person is legally entitled to recover damages or disagree as to the amount of damages. There are also numerous other provisions which relate in some manner to this action.
The parties agree that the court is the proper forum to resolve the contract interpretation issues as to whether an arbitrable question exists. This court has the authority to issue a declaratory judgment. As an initial determination, this court holds that a judgment after trial as to the amount of damages due plaintiff is the most unequivocal and decisive determination of the amount the insured is legally entitled to recover.
Arbitration Provisions
In the instant case the insured, Matteson, was advised by letter of September 18, 1995 that CMF is not bound by the jury verdict and that the insurance policy provisions "designates arbitration through the AAA as the appropriate forum for resolving an uninsured motorist claim”. (Letter of Joseph M. Schnitter, Sept. 18, 1995.)[2] The insurance policy allows either party to make a written demand for arbitration if the company and the insured do not agree whether the insured is legally entitled to recover or as to the amount of damages.[3]
The insurance company disagrees with the damages claimed by Matteson under the uninsured coverage of the policy; *960 therefore, it alleges it is entitled to arbitration. The insured, Matteson, is the party who requested arbitration, based on the instructions of the insurance company. The insured now seeks a declaration that the insurance policy provisions are inapplicable and declaring that CMF is required to pay the uninsured benefits based upon the judgment obtained in favor of Matte-son. Clearly, the insured no longer seeks arbitration regarding its uninsured benefits claim but instead requests a declaratory judgment. CMF, although entitled to make a written demand for arbitration if it does not agree as to the amount of damages, has not made a written demand for arbitration, but has refused payment under the uninsured coverage.
There is no possible contract interpretation which would allow this court to disregard a judgment of damages, based upon a jury verdict after a full trial. The insurance company cannot simply make a statement that the company disagrees as to the amount of damages decided by a jury and thereby invoke the arbitration provisions. The insurance company cannot subject the insured to examinations under oath and to physical exams as often as the company reasonably requires in preparation for a full arbitration hearing when a duly constituted jury has heard the evidence and rendered their decision.
The illogic of the insurance company’s position is obvious. By following the position presented by CMF, it is conceivable that there could be two inconsistent judgments as to the amount of damages sustained by the insured for the same injuries.[4] Though the petitioner, CMF, alleges that it is not bound by the jury verdict and subsequent judgment, we disagree. There can be no justification for further arbitration proceedings in this matter. Normally arbitration is used for the efficient administration of the parties’ differences. It is incorporated into insurance policies as a mechanism for saving the parties time and money and is encouraged by the courts in the interests of judicial economy. Those positive attributes of arbitration are not present under the facts presented in this case. In addition, the policy states that the judgment upon the arbitration award rendered by the arbitrators may be entered in any court. This provision implies that the arbitration requirements apply to matters where there is no existing judgment.
*961 This court concludes that CMF is not entitled to arbitration merely by indicating that it disagrees with the amount of damages claimed by the insured, when the amount of damages is evidenced by a filed judgment after a full trial on the issue of damages particularly when, as here, the insurer was notified of the trial proceedings and participated at some level. A judgment requires CMF to pay the amount of damages indicated in the judgment as the amount the insured is legally entitled to recover. The petitioner’s application to stay the arbitration or for a medical examination of the insured is denied.
Written Consent
In the reply papers for the insurance company and at oral argument, but not in the original petition, CMF argues that it is not bound by the jury verdict as to the amount of the damages because of the policy provisions requiring written consent. Part C — Uninsured Motorists Coverage, insuring agreement, (A.), states: "Any judgment for damages arising out of a suit brought without our written consent is not binding on us" (emphasis added). The insurance company points out that there was no written consent to the action commenced by Matteson against the driver of the vehicle and the owner of the vehicle.
In the instant case, the insured, in compliance with the policy provisions, notified the company of commencement of the action and advised of a claim under the uninsured/ underinsured coverages as soon as it was apparent that uninsured coverage might be necessary. Thereafter, the insurance company had conversations regarding the action; was advised in writing of the lawsuit and of the insured’s claim for uninsured insurance coverage; received pleadings; subjected the insured, Robert Matteson, to an independent medical exam on September 7, 1994; received a written evaluation from Dr. Sawah of IMO, Independent Medical Opinions, dated September 9, 1994; made motions to consolidate its property subrogation claim; and participated with its own counsel in the trial.
It is this court’s position that the insurance company cannot actively participate in the action, with discovery regarding injuries, motions, and presence at the trial and then claim the judgment is not binding because it did not provide written consent. The insurance company clearly exhibited implicit consent, for the suit; which they cannot now deny. The active knowledge and participation during the pendency of the underlying suit and the written motion for consolidation are enough for this court to determine that consent by CMF was *962 given. CMF is now bound by the jury verdict. In addition, the insured detrimentally relied upon the actions of the insurance company that there was no opposition to the action against the driver and the owner of the other vehicle. The insurance company has not demonstrated any prejudice. It is determined that the totality of the actions by CMF can lead to only one conclusion: that the insurance company provided consent for the action by Matteson sufficient to be construed by this court as "written consent” as required by the insurance policy.
This consent by CMF to the action by Robert Matteson against the driver and owner of the vehicle removes any objection by the insurance company that the judgment in favor of Matteson is not binding on the insurance company. Based upon the determination that consent was provided in compliance with the policy, the judgment in favor of Matteson is binding on CMF. Therefore, there is no issue requiring arbitration as to the amount of damages which Matteson is legally entitled to recover. The insurance company is bound by the judgment from the jury verdict.
CONCLUSION
The petitioner’s application for an order staying arbitration or compelling a medical examination under the prearbitration terms of the insurance policy are denied.
In addition, the petitioner, CMF, requests that disclosure be required prior to arbitration by court order pursuant to CPLR 3102 (c). This is a moot point, as it has been determined that CMF is not entitled to arbitration. The petitioner’s request under CPLR 3102 (c) is denied.
The respondent Matteson’s motion for a declaratory judgment that the arbitration requirement of the insurance policy is inapplicable to this case is granted; and that the petitioner, New York Central Mutual Fire Insurance Company, is liable upon the uninsured motorist coverage for the full amount of the limits, that being $50,000, is granted.

. The insurance company advises that "[t]he jury apparently determined that Beaty [the driver] was driving the vehicle without the Funeral Home’s [the owner’s] permission and was not entitled to coverage by the Funeral Home’s insurer”. (Petition of CMF ¶ 4.)

. The affidavits indicate that demand for arbitration was filed by the insured. Pursuant to a letter of October 18, 1995 the insurance company demanded discovery on the uninsured coverage claim.

. It was not until a letter of December 27, 1995 that the insurance company indicated in its correspondence that it disagreed with the "nature or extent of [insured Matteson’s] damages”. (Letter of Gregory G. Broikos, Dec. 27,1995.)

. Although an inconsistent judgment is one possible outcome, this court believes that any arbitrators presented with a judgment as to the amount of damages after a full trial will be hard pressed to find a basis for awarding a different amount.